IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| CALVIN GERARD OUTLAW, | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | NO. 5:16-CV-0462-MTT-MSH |
| VS. | : | |
| | : | |
| JOHN AND OR JANE DOES, | : | |
| | : | |
| **Defendants.** | : | |

## ORDER

Plaintiff Calvin Gerard Outlaw filed the above-captioned proceeding in this Court under 42 U.S.C. § 1983 to challenge the fact of his continued confinement at the Calhoun County Jail, in Morgan Georgia.

In his Complaint, Plaintiff alleges that he was arrested shortly after completing a term of incarceration in Kentucky and placed in the custody of the Georgia Department of Corrections to serve a life sentence imposed as a result of a prior conviction in Houston County Georgia. Plaintiff believed his Georgia sentence had run concurrently with his Kentucky sentence and claims that he was released in Kentucky without a hold or detainer. At the time of the arrest, however, Georgia authorities believed that Plaintiff was a "fugitive at law" and charged him with "escape." Plaintiff now claims that the escape charge is entirely false and that he should neither be confined on this charge nor denied parole based on false information. Plaintiff's claims, however, are the same or at least substantially similar to those claims made by Plaintiff in another §1983 complaint under review in this Court: *Outlaw v. Owens*, 5:16-cv-0456-MTT-CHW.

1

Rule 42(a) of the Federal Rules of Civil Procedure authorizes this Court to consolidate actions that "involve a common question of law or fact."[1]  Consolidation of Plaintiff's cases will conserve judicial resources and permit the efficient resolution of Plaintiff's claims.   It is therefore **ORDERED** that this case, no. 5:16-cv-0462-MTT-MSH, be **CONSOLIDATED** into *Outlaw v. Owens*, 5:16-cv-0456-MTT-CHW and that the present case, 5:16-cv-0462, be **ADMINISTRATIVELY CLOSED**.

**SO ORDERED**, this 30th day of January 2016.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[1] "[T]he lack of any Rule 42(a) motion from any party in either of the two cases is no impediment to consolidation if the relevant considerations warrant same." *Chambers v. Cooney*, No. 07-0373-WS-B, 2007 WL 3287364, at *1 (S.D. Ala. Nov. 2, 2007) (citing *Devlin v. Transportation Comm. Int'l Union*, 175 F.3d 121, 130 (2nd Cir. 1999) ("A district court can consolidate related cases under Federal Rule of Civil Procedure 42(a) *sua sponte.*")).